# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION, | MDL No. 08-1943 (JRT) |

**This Document Relates to:**

| | |
|---|---|
| JOHN SCHEDIN, | Civil No. 08-5743 (JRT) |
| Plaintiff, | |
| v. | |
| JOHNSON & JOHNSON; ORTHO-MCNEIL PHARMACEUTICAL, INC.; JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC; and ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION** |
| Defendants. | |

Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; and Lewis J. Saul and Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, co-lead counsel for plaintiff Schedin.

John Dames, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698, and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402, for defendants.

Defendants move under Rule 35 for the Court to order an independent medical examination ("IME") of John Schedin, the plaintiff in the bellwether Levaquin case.

(Schedin Docket No. 54.) Defendants desire to have Schedin present himself on October 20 or 27 in Chicago for examination by Dr. George Holmes ("Holmes"). Holmes is the defense's case-specific witness in the Levaquin cases. He received the case-specific reports of plaintiffs' expert witnesses on March 30, 2010 and subsequently submitted his expert report on April 30, 2010. Holmes was deposed by plaintiff on August 10, 2010. The Court's Pretrial Order No. 6 set a deadline for discovery of June 30, 2010. Trial is scheduled to begin on November 15, 2010. Oral arguments on the Motion were heard on October 14, 2010.

Defendants have offered to have Holmes come to Minneapolis for the purposes of the exam. Additionally, they argue that the exam is necessary since Schedin is seeking damages for future rehabilitation, health care, pain and suffering. They offer no explanation why they did not request this exam earlier in the discovery process.

Plaintiffs object on a number of grounds: 1) timeliness, a motion filed long after the discovery deadline, 2) Holmes has already rendered an opinion on Schedin's outcome and thus is not truly independent, 3) Schedin's medical condition is not "in controversy" so as to warrant an IME, and 4) defendants have not appropriately specified the manner and scope of the exam as required by Rule 35. At oral arguments, plaintiffs further raised the objection that since Holmes is not licensed in Minnesota, he could not travel here to do the examination as offered by the defendants.

For good cause, a court may order a party whose physical condition is at issue to submit to a physical exam. Fed. R. Civ. P. 35. "A plaintiff, by coming into court and asserting that he has suffered an injury at the hands of the defendant, has thereby put his

physical or mental condition 'in controversy.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 126 (1964). While the Court has the discretion to choose the doctor to conduct the exam, "Rule 35(b)(1) appear[s] to point in the direction of giving the defendant the same opportunities of developing his own evidence as are available to the plaintiff. Therefore, where no serious objection arises, it is probably best for the Court to appoint the physician chosen by the defendant." *The Italia*, 27 F. Supp. 785, 786–87 (D.C.N.Y. 1939). The Court, however, must also "establish discovery plans and scheduling orders to deal with cases in a thorough and orderly manner, and [it] must be allowed to enforce them, unless there are good reasons not to . . . [D]isruption of the court's discovery plan and scheduling order is not harmless." *Storlie v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 3488982, at *5 (D. Nev. 2010) (internal citations omitted).

The Court finds that Schedin's medical condition is in controversy as he is seeking damages for his medical condition. *Schlagenhauf*, 379 U.S at 126. Concerns raised at oral argument regarding the licensure of Holmes are made moot by the Rule itself. (Fed. R. Civ. P. 35, advisory comm. note, 1991 Amend. ("The rule does not, however, require, that the license [of the doctor] . . . be conferred by the jurisdiction in which the examination is conducted.").)

However, the Court has concerns about the lack of timeliness as the potential for delay is paramount. *Storlie,* 2010 WL 3488982, at *5. Additionally, it is difficult, if not impossible, to argue independence since Holmes has already opined on the condition and prognosis of Schedin. (Holmes Report on Schedin at 5, Goldser Aff., Ex. 3, Docket No. 2016; s*ee The Italia*, 27 F. Supp. at 786 (noting that the Court can appoint the

physician chosen by the defendant "if . . . the interests of justice will be best served . . . .").)

At this late stage of the litigation, the Court declines to order an independent medical examination of Schedin.  Too little time remains before trial, and the Court believes that Schedin's current medical condition and prognosis can best be examined through his medical reports and the prior examinations that have been done.  Also, an examination by a defense expert who has already opined on Schedin's medical condition, at a time very close to the commencement of trial, seems unduly intrusive and seems to suggest more of a one-sided inquiry than an independent medical examination..  If a last minute medical examination is truly necessary, the Court would approve the selection of a local independent orthopedic doctor to conduct the desired exam in such a manner that both sides can be present.  If the defense desires this option, the Court would issue a Rule 35 Order at the time that such doctor is selected and presented to the Court, so long as the selection and scheduling is done such that there is no delay in the trial calendar.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion for an Independent Medical Examination [08-CV-5743, Docket No. 54] is **DENIED.**

DATED:  October 15, 2010  ___s/ John R. Tunheim_____
at Minneapolis, Minnesota.  JOHN R. TUNHEIM
United States District Judge