# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IN RE: LEVAQUIN PRODUCTS
LIABILITY LITIGATION,

This document relates to:

*John Schedin v. Johnson & Johnson et al.,*
*No. 0:08 cv 5743 JRT*

Case No.: MDL 08-1943-JRT

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE RE: TESTIMONY OF KEITH ALTMAN**

## INTRODUCTION

Without citing a single decision, statute, rule of procedure or evidence, Plaintiff requests that Keith Altman's sworn testimony be excluded from use at trial. There is no basis in law or fact to exclude Mr. Altman's testimony.

## ARGUMENT

Federal Rule of Civil Procedure 32(a) permits the use of "all or part of a deposition" at trial subject to the Federal Rules of Evidence as if the deponent were testifying in person. Fed. R. Civ. P. 32(a)(1); *see also In re Baycol Prods. Liab. Litig.*, 2002 WL 32154241 at *4-5 (D. Minn. Mar. 4, 2002). This rule applies to experts and depositions that relate to their opinions such as Mr. Altman's deposition here. *See*, *e.g.*, *Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 552-53 (5th Cir. 2000); *National Ass'n. for Advancement of Colored People v. A.A. Arms, Inc.*, 2003 WL 2004557 at *1 (E.D.N.Y. Apr. 28, 2003); *Sheesley v. The Cessna Aircraft Co.*, 2006 WL 1084103 at *41 (D.S.D. Apr. 20, 2006). In addition, Courts interpret Rule 32 liberally to allow the introduction of deposition testimony at trial. *See Plunk v. Hobbs*, 2010 WL 3927041 at

*1 (E.D. Ark. Oct. 5, 2010) ("The requirements of Rule 32(a) have been 'construed liberally in light of the twin goals of fairness and efficiency' (citations omitted)"). Mr. Altman's testimony is presumptively admissible here because it meets the Rule 32(a) requirements.

The admission of deposition testimony pursuant to Rule 32(a) requires that three conditions be satisfied. *First*, plaintiff must have been represented at Mr. Altman's deposition. Fed. R. Civ. P. 32(a)(1)(A). This condition is satisfied because Mr. Goldser was present at Mr. Altman's deposition. *Second*, Mr. Altman's testimony must be used in a way that would be admissible under the Federal Rules of Evidence if he were testifying in person. Fed. R. Civ. P. 32(a)(1)(B). As described below, the testimony designated by Defendants is admissible pursuant to Rules 401, 402, 607, 613, 705, 801 and 804 of the Federal Rules of Evidence. *Third*, the use of Mr. Altman's deposition testimony must be a permissible use listed in Rule 32(a)(2-8). Here, Mr. Altman's testimony satisfies multiple permissible uses, including Mr. Altman's unavailability as a trial witness because, as a New York resident, he is beyond the Court's subpoena power. Fed. R. Civ. P. 32(a)(4)(B). Thus, all three conditions of Rule 32 are met and Mr. Altman's deposition testimony is permitted to be used at trial by Defendants.

Plaintiff does not reference Rule 32, let alone describe any alleged basis why Mr. Altman's testimony is not admissible under the Rule. Instead, Plaintiff submits four sentences of argument with no legal or factual citations to support four alleged "grounds" on which Mr. Altman's deposition testimony should be excluded in its entirety. One, Plaintiff claims—without any explanation—that because he has not designated

2

Mr. Altman as a trial witness, Mr. Altman's testimony somehow becomes inadmissible. (Plaintiff's Memo, ¶1.) Two, Plaintiff claims that Mr. Altman's testimony is "outside the scope of allowable deposition testimony." (*Id.*, ¶2.) Three, Plaintiff claims that all of Mr. Altman's deposition testimony is irrelevant. (*Id.*, ¶3.) Four, Plaintiff argues that Mr. Altman's testimony about which analyses Ms. Blume asked him to perform is irrelevant. (*Id.*, ¶4.) None of these arguments are adequate bases to overcome the admissibility of Mr. Altman's testimony pursuant to Rule 32(a).

1. **"Not Designated By Plaintiff As A Witness Or An Expert Witness"**

Whether Plaintiff designated a deponent as a trial witness is not a factor delineated in Rule 32(a) to determine the admissibility of deposition testimony. *See* Fed. R. Civ. P. 32(a). Thus, Mr. Altman's status or lack thereof as a designated Plaintiff's trial witness is of no moment in deciding if his deposition testimony is admissible under Rule 32.

2. **"Outside The Scope Of Allowable Deposition Testimony"**

Rule 32(a) does not identify or limit any "scope" of deposition testimony permitted pursuant to the Rule. *See* Fed. R. Civ. P. 32(a). Any deposition testimony is admissible as long as it meets the requirements of Rule 32. *Id.* Thus, Plaintiff's argument on this point does not have any legal basis.

To the extent that Plaintiff's "scope" argument was meant to address the admissibility of Mr. Altman's testimony under the Federal Rules of Evidence, that argument is erroneous and premature.

Mr. Altman's testimony is relevant to the trial of this matter because he was hired by Ms. Blume to conduct the database analyses on which she bases her expert opinions.

3

*See* Fed. R. Evid. 401, 402; Altman Dep. at 12:9-13:4, 38:7-21, 56:5-9 (attached to the Affidavit of Tracy J. Van Steenburgh ("Van Steenburgh Aff.") as Exh. A); Blume Dep. at 6:2-4, 7:8-15 (Van Steenburgh Aff., Exh. B)).  Because Ms. Blume is not able to verify the analyses Mr. Altman conducted (Blume Neurontin Dep. at 65:17-66:12, 68:25-69:1, 69:8-10, 97:21-98:2 (Van Steenburgh Aff. Exh. C)), only Mr. Altman is qualified to describe his methodology and other aspects of his analyses.  Thus, Mr. Altman's testimony is necessary to both introduce affirmative testimony regarding the methodology of the database analyses and cross-examine Ms. Blume as to the reasonableness of relying on that methodology to support her opinions.  Moreover, because Mr. Altman is unavailable for live examination at trial and is beyond the Court's subpoena power, his deposition testimony is admissible as relevant non-hearsay pursuant to Rule 804.  *See* Fed. R. Evid. 804(b)(1).

     Mr. Altman's testimony also may be used to cross-examine Ms. Blume's expert methodology pursuant to Rule 705, which permits a testifying expert to be cross-examined on the "underlying facts or data" that support her opinion.  Fed. R. Evid. 705.  Because Mr. Altman compiled and "filtered" the data underlying Ms. Blume's opinions, she may be cross-examined based on Mr. Altman's analysis and impeached based on any inconsistencies between Mr. Altman and Ms. Blume's testimony.

     Finally, Mr. Altman's testimony regarding Ms. Blume can be used to impeach Ms. Blume at trial pursuant to Rules 607 and 613.  *See* Fed. R. Evid. 607, 613.  Until Ms. Blume testifies at trial, there is no way to know which portions of Mr. Altman's

ND: 4819-7985-6903

testimony might be used for impeachment. Thus, it is premature to address the admissibility of Mr. Altman's deposition testimony on this basis.

**3.    "Serves No Relevant Purpose"**

Plaintiff provides no argument about why Mr. Altman's testimony serves "no relevant purpose." (Plaintiff's Memo, ¶3.) Presumably, Ms. Blume would disagree, as her opinions are entirely dependent on Mr. Altman's analysis.

Defendants designated Mr. Altman's testimony regarding the methodology he employed in analyzing the SCEPTRE database. (*See*, *e.g.*, Altman Dep. Exh. A at 16:21-17:10, 34:18-23, 41:14-42:21.) Because Mr. Altman is the only person who conducted the SCEPTRE data analysis or "filtering," he is the only person whose testimony can describe his methodology first-hand. Accordingly, Mr. Altman's testimony is vital in describing to the jury the flawed methodology underlying the data analysis upon which Ms. Blume bases all of her opinions.

**4.    "The FDA AERS Database Is Irrelevant To Blume's Opinions"**

Plaintiff objects to all references to the AERS database analysis Ms. Blume requested from Mr. Altman as irrelevant. However, because Mr. Altman was hired by Ms. Blume to perform the AERS database analysis and provided it to her before she submitted her expert report here, testimony about that analysis is *per se* relevant pursuant to Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). Moreover, because Ms. Blume now admits that she has analyzed Mr. Altman's AERS data (October 13, 2010 Blume Aff., ¶12), it is the proper subject of cross-examination if Defendants choose to probe her consideration of the AERS data. *See* Fed. R. Evid. 705.

5

ND: 4819-7985-6903

Dated: October 29 2010					Respectfully submitted,


							s/ Tracy J. Van Steenburgh
							   Tracy J. Van Steenburgh   Reg. No. 141173
							   Nilan Johnson Lewis PA
							   400 One Financial Plaza
							   120 South Sixth Street
							   Minneapolis, MN 55402
							   Phone:  (612) 305-7500
							   Fax:  (612) 305-7501
							   Email:  tvan@nilanjohnson.com

							   John Dames
							   William V. Essig
							   Drinker Biddle & Reath LLP
							   191 North Wacker Drive
							   Suite 3700
							   Chicago, Illinois  60606-1698
							   Telephone: (312) 569-1497
							   Facsimile: (312) 569-3497
							   Email: john.dames@dbr.com
							   Email: william.essig@dbr.com

							   William H. Robinson, Jr.
							   LeClairRyan
							   1101 Connecticut Avenue, NW
							   Suite 600
							   Washington, D.C.  20036
							   Telephone:  (202) 659-6985
							   Facsimile:  (202) 775-6405
							   Email: william.robinson@leclairryan.com

							   Attorneys for Defendants
							   Johnson & Johnson, Ortho-McNeil-Janssen
							   Pharmaceuticals, Inc., and Johnson &
							   Johnson Pharmaceutical Research and
							   Development, LLC

ND: 4819-7985-6903