# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION, | MDL No. 08-1943 (JRT) |

**This Document Relates to:**

| | |
|---|---|
| JOHN SCHEDIN, | Civil No. 08-5743 (JRT) |
| Plaintiff, | |
| v. | |
| JOHNSON & JOHNSON; ORTHO-MCNEIL PHARMACEUTICAL, INC.; JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC; and ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; | **ORDER REGARDING PLAINTIFFS' MOTIONS IN LIMINE** |
| Defendants. | |

Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; and Lewis J. Saul and Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, co-lead counsel for plaintiff Schedin.

John Dames, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698; William H. Robinson, Jr., **LECLAIR RYAN**, 1100 Connecticut Avenue N.W., Suite 600, Washington, DC 20036; and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402, liaison and lead counsel for defendants.

This multidistrict litigation is before the Court on plaintiffs' motions in limine.

Plaintiffs brought the following motions: 1) to include evidence of recalls of other

products marketed by the defendants, 2) to exclude any testimony referring to the actions of plaintiffs' counsel, 3) to exclude any comment or reference to arguments made in the motions in limine, 4) to exclude reference to other products that may have caused plaintiffs' injuries, 5) to exclude reference to tendon rupture as a rare occurrence. (Docket No. 87.) Additionally, plaintiffs move to exclude the testimony of Keith Altman. (Docket No. 86.) The Court heard oral arguments and took these motions under advisement on November 3, 2010.

## BACKGROUND

This multidistrict litigation consists of a significant number of cases involving the drug Levaquin. Levaquin is an antibiotic developed, manufactured, and marketed by defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research and Development, LLC. The plaintiffs were all prescribed Levaquin, and allege that it causes tendons to rupture.

## ANALYSIS

### I. OTHER PRODUCT RECALLS

Plaintiffs move for permission to discuss other product recalls separate from Levaquin to support a supposed history of safety problems with defendants' products – all to highlight the defendants' "philosophy of 'profits-over-patients.'" (Pls.' Mot. at 1, Docket No 87.) At oral argument, plaintiffs noted that if defendants plan to argue the reputation of Johnson & Johnson as the "baby shampoo" company, and tout the positive reputation of their company, then plaintiffs have the right to counter with such evidence.

Defendants noted at oral argument that they do not intend to introduce company reputation in their defense.

Proffered evidence must be relevant to the case at hand. Fed. R. Evid. 401. Further, Rule 404(b), which governs the admissibility of evidence of "other crimes, wrongs, or acts," sets itself apart from other Rules by indicating that the default is to exclude, rather than to admit, such evidence. Fed. R. Evid. 404(b). The Rule creates an exception for such evidence when it is offered for a list of purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. It is unclear how a "philosophy of 'profits-over-patients'" fits into an exception under Rule 404(b).

In the Eighth Circuit, evidence of other product defects must meet the "substantial-similarity standard" to be admissible. *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 637 (8th Cir. 2007). Here the evidence of other acts plaintiffs seek to introduce involve products including contact lenses, ball hip replacement parts, Tylenol, and eye drops. There is no indication that the drugs on the list of recalls bear sufficient similarity to Levaquin to meet this test.

Most significant, however, are Rule 403 issues. Defendants point out that if the recalls of other drugs were admitted, they would necessarily need to rebut inferences raised regarding each product, taking trial time away from the real issues related to Levaquin. *See* Fed. R. Evid. 403. Further, the recalls could confuse the jury as to the important issues related to Levaquin, which are likely to be confusing enough on their own. As a result, the Court denies the motion.

## II. PLAINTIFFS' COUNSELS' CONDUCT

Plaintiffs move to exclude any testimony or questioning related to the conduct of plaintiffs' counsel or the privileged and protected nature of plaintiffs' relationship with counsel. Defendants concede that any privileged communications would be inadmissible. However, defendants argue that the conduct of counsel, such as their statements to the media, are not protected by the attorney-client privilege and therefore should not be excluded.

Certainly, evidence that is protected by the attorney-client privilege is not admissible. However, some of the examples of evidence listed in plaintiffs' motion include non-privileged evidence such as fees. *See In re Grand Jury Subpoenas*, 906 F.2d 1485, 1488 (10th Cir. 1990) ("It is well recognized in every circuit, including our own, that the identity of an attorney's client and the source of payment for legal fees are not normally protected by the attorney-client privilege.")

To the extent that any privileged evidence is offered during the trial, the Court will rule on an appropriate objection at that time. In its current form, however, the motion is too broad and encompasses evidence not covered by the attorney-client privilege. "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). For this reason, the Court denies the motion.

## III. ARGUMENT FROM MOTIONS IN LIMINE

Plaintiffs move that the arguments and evidence at issue in the motions in limine be excluded from the jury. The Defendants do not object. The Court grants the motion as unopposed.

## IV. ALTERNATIVE CAUSES

Plaintiffs move to exclude any testimony that might "tend to suggest" that a defect from some other product caused plaintiffs' injuries. They point, in part, to an interrogatory answer of defendants where they stated they withdrew the defense of "superseding cause." (Defs.' Answer to Pls.' Interrog. 16 (Q: "In support of the affirmative defense asserting 'Plaintiff's injuries are the result of a superseding cause' . . . [s]tate in detail the factual [and legal] basis for this affirmative defense . . . ." A: "This affirmative defense is withdrawn.").) Defendants state that they only intend to introduce the testimony of their experts as they have already disclosed. They object to the broad nature of the motion as they assert their right to present evidence of alternative causations or mitigating circumstances.

"Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses." *SPX Corp. v. Bartec USA*, No. 06-14888, 2008 WL 3850770, at *3 (E.D. Mich. 2008). Defendants claim that plaintiffs misunderstood the nature of the interrogatory response and have clarified that they only withdrew the defense of superseding cause – as in a cause that "break[s] the chain of causation" between a defendant's original negligence and a later negligent act, *Tandeski v. Barnard*,

121 N.W.2d 708, 713 (Minn. 1963). They retained, however, the right to argue, and have been eliciting evidence and testimony of, alternative causation, such as multiple risk factors, and mitigating causes, such as the failure to mitigate damages. (Docket No. 110.)

While plaintiffs at oral argument indicated they have built their case around the withdrawal of the defense entirely, they neglected to indicate as such, in particular, during any of the *Daubert* motions on expert testimony where discussion of alternative and mitigating causes was most often at issue. *Cf. DeLuca by DeLuca v. Merrell Dow Pharms., Inc.*, 911 F.2d 941, 957 (3d Cir. 1990) (noting that evidence that withstands the rigors of Rule 702 is unlikely to be excludable under Rule 403). Given the importance of this bellwether case, and the unlikelihood of prejudicial surprise warranting exclusion, the Court denies this motion. *Cf. Itron, Inc. v. Benghait*, No. 99-501, 2003 WL 22037710, at *4 (D. Minn. August 29, 2003) (grating exclusion due to surprise).

## V.  RARITY OF TENDON RUPTURES

Plaintiffs move to exclude testimony that tendon ruptures are a rare occurrence claiming that the Court precluded such arguments in a pretrial motion hearing on May 28, 2010. Defendants argue that plaintiffs have taken the Court's statement out of context. A review of the transcript indicates that the Court did not rule that the defendants could not argue statistical rarity. The purpose of the hearing was to discuss consolidation of trials and plaintiffs' counsel indicated a concern that defendants facing one plaintiff would claim the injury was an isolated event. Plaintiffs' counsel conceded the argument of statistical rarity, stating "they're going to argue that this just doesn't happen to very

many people and it's a very rare occurrence." (Hr'g Tr., at 14:6–10, May 28, 2010.) The Court ruled against consolidation for logistical reasons but stated that the Court would not permit argument that the injuries of Schedin were an "isolated kind of situation." (*Id.* at 17:20.) Given that evidence touching on statistical rarity was unchallenged in the *Daubert* proceedings, the Court does not see any true prejudice or surprise warranting exclusion. The Court denies the motion.

## VI. TESTIMONY OF KEITH ALTMAN

Plaintiffs move to exclude the testimony of Keith Altman because defendants did not designate him as an expert and his testimony lacks relevance and is outside the scope of allowable deposition testimony. Defendants respond that Altman is being called as a fact witness based on his work with plaintiffs' expert Blume.

Federal Rule of Civil Procedure 32, governing the admissibility of deposition testimony, does not contain any requirements regarding scope. Since the Court has determined that Blume may testify, Altman's testimony may be relevant to his work with Blume in a multitude of ways, including impeachment. The Court denies the motion.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion in Limine [Docket No. 87] is **DENIED in part and GRANTED in part.** The motion is **GRANTED** as unopposed with respect to the

exclusion of references to the arguments during the motions in limine proceedings and papers, and **DENIED** in all other aspects.

2. Plaintiffs' Motion in Limine to exclude the testimony of Keith Altman [Docket No. 86] is **DENIED.**

DATED: November 8, 2010
at Minneapolis, Minnesota.

                                              _____s/ John R. Tunheim_____
                                                            JOHN R. TUNHEIM
                                                        United States District Judge