# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION, | MDL No. 08-1943 (JRT) |

**This Document Relates to:**

| | |
|---|---|
| JOHN SCHEDIN, | Civil No. 08-5743 (JRT) |
| Plaintiff, | |
| v. | |
| JOHNSON & JOHNSON; ORTHO-MCNEIL PHARMACEUTICAL, INC.; JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC; and ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; | **ORDER REGARDING DEFENDANTS' MOTIONS TO QUASH SUBPOENAS** |
| Defendants. | |

Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; and Lewis J. Saul, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, co-lead counsel for plaintiff Schedin.

John Dames, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698; William H. Robinson, Jr., **LECLAIR RYAN**, 1100 Connecticut Avenue N.W., Suite 600, Washington, DC 20036; and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402, liaison and lead counsel for defendants.

This multidistrict litigation ("MDL") is before the Court on defendants' motions to quash the subpoena of William Weldon ("Weldon") (Docket No. 93) and the subpoena

for Trial Testimony (Docket No. 88). The Court heard oral arguments on November 3, 2010 related to the Weldon motion and took it under advisement. Parties agreed that the Court would rule on the papers for the Trial Testimony motion.

## BACKGROUND

This multidistrict litigation consists of a significant number of cases involving the drug Levaquin. Levaquin is an antibiotic developed, manufactured, and marketed by defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research and Development, LLC. The plaintiffs were all prescribed Levaquin, and allege that it causes tendon injury.

## ANALYSIS

### I. WILLIAM WELDON SUBPOENA

Defendants move to quash the subpoena of Weldon, Chairman and CEO of Johnson & Johnson, on three bases. First, they argue service was not proper under Fed. R. Civ. P. 45(b)(2). Rule 45(b)(2) limits the subpoena power of a court to a 100-mile radius from the location where the individual subpoenaed is to appear. Weldon lives and works in New Jersey, and he was subpoenaed to testify in a courthouse in Minnesota. Rule 45(c)(3)(A)(ii) dictates that a court must quash a subpoena if it is served outside that territorial limit if it was served on "a person who is neither a party nor a party's officer." Defendants argue service was not proper as it was clearly outside the 100-mile radius

defined in Rule 45(b)(2). Plaintiffs argue that the interplay of the two subdivisions of the Rule mean the territorial limits do not apply because Weldon is an officer of a party.

"The majority of courts interpret [the Rule 45] provisions together to mean that a court may compel the trial testimony of a party or a party's officer even when the person to be compelled resides beyond the 100-mile range for subpoenas." *Lyman v. St. Jude Medical S.C., Inc.*, 580 F. Supp. 2d 719, 733 (E.D. Wis. 2008). Further, in MDLs, courts are even less likely to prescribe territorial restrictions since such restrictions could hinder litigation and the intent of an MDL is to make litigation more efficient. *See In re Vioxx Products Liab. Litig.*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006) (noting "the realities of modern life and multi-district litigation"). Therefore, the Court finds no merit in defendants' argument that service was improper.

Second, defendants argue that plaintiffs did not timely disclose Weldon as a witness since Pretrial Order No. 6 dictated that fact witnesses should be disclosed by March 30, 2010. Plaintiffs first listed Weldon in their witness list on October 1, 2010. Plaintiffs argue that the Weldon subpoena should only be quashed if the omission was not harmless or substantially unjustified. The Court finds that the late disclosure of Weldon as a witness, failure to take his deposition during discovery, and violation of the Pretrial Order are not harmless. "[D]isruption of the court's discovery plan and scheduling order is not harmless." *Storlie v. State Farm Mut. Auto. Ins. Co.,* No. 2:09-cv-02205-GMN-PAL, 2010 WL 3488982, at *5 (D. Nev. 2010) (internal citations omitted). However, given the bellwether nature of this trial and the potential import of witness testimony, the Court will not quash the Weldon subpoena on this ground.

Third, defendants argue the subpoena is unduly burdensome. In particular, defendants note that the plaintiffs have not identified any particular testimony they seek to elicit from Weldon. Plaintiffs argue that defendants have a high burden to quash a subpoena for undue burden and that the testimony of Weldon is relevant since he is the Chairman and CEO of Johnson & Johnson, he knows the corporation's history and mission, and he has personal knowledge of Levaquin based on his experience as the Worldwide Chairman of the Pharmaceuticals Group.

To quash a subpoena because it poses an undue burden, the movant has the burden of showing the balance of the following factors are in his favor: "(1) the relevance of the information requested; (2) the need of the party for production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed." *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, No. 05-3444, 2008 WL 4951213, at *2 (C.D. Cal. Nov. 17, 2008) (citing *Travelers Indem. Co. v. Metro. Life Insur. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005)). Defendants argue the late notification combined with the distance Weldon would have to travel to testify all outweigh the potential relevance of his testimony, particularly since other witnesses will be present who can provide any necessary evidence and plaintiffs have been vague in identifying the particular testimony they desire from Weldon. The Court agrees.

Here, plaintiffs have not demonstrated the relevance of Weldon's testimony since none of the proposed areas of his testimony are issues of dispute. Despite plaintiffs' argument that live testimony is preferred, it is not clear to the Court why other live

witnesses, who were timely named, could not provide the information they seek regarding the corporation's history, mission, and experience with Levaquin. Therefore, the Court finds that the balance of factors for quashing a subpoena on the basis of undue burden weighs in favor of quashing the subpoena. The Court grants the motion to quash. The Court will reconsider only if it becomes clear during trial that Weldon's testimony is necessary and cannot be provided by other witnesses.

## II. TRIAL TESTIMONY

Plaintiffs issued a subpoena for witnesses to testify about defendants' 1) income and expenses, 2) regulatory affairs, 3) sales and marketing, and 4) knowledge of the hazards of Levaquin. Defendants move to quash all four areas on the basis of undue burden and lack of relevance.

Income and Expenses: Defendants argue that a witness to testify to income and expenses is not relevant since the complaint, at this time, does not include a claim for punitive damages. Additionally, since the Minnesota statute allowing for punitive damages requires a bifurcated proceeding, defendants argue the subpoena would be premature even if the Court allowed for punitive damages. *See* Minn. Stat. § 549.20. The Court agrees that the subpoena is premature and grants this portion of the motion.

Regulatory Affairs: Defendants argue that a witness to testify on regulatory affairs is duplicative since defendants will already be producing numerous current and former employees who have such knowledge, a well as expert testimony. The Court agrees and grants the motion to quash this portion of the subpoena.

Sales and Marketing: Defendants argue that plaintiffs have already listed two witnesses who were sales representatives who may have called on Schedin's doctor. These individuals can testify about sales and marketing issues. The Court grants the motion to quash this portion of the subpoena.

Knowledge and Hazards of Levaquin: Defendants object to the subpoena for a witness to testify to the defendants' knowledge of the hazards of Levaquin noting that they are already producing several witnesses to testify on these issues, including experts, and therefore the subpoena is duplicative. The Court agrees and grants the motion to quash this portion of the subpoena.

The motion to quash the subpoena for Trial Testimony is granted in full.

### ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Quash the Subpoena of William Weldon [Docket No. 93] is **GRANTED**.

2. Defendants' Motion to quash the subpoena for Trial Testimony [Docket No. 88] is **GRANTED.**

DATED:  November 9, 2010　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge