UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION,

MDL No. 08-1943 (JRT)

---

**This Document Relates to:**

JOHN SCHEDIN,

Civil No. 08-5743 (JRT)

              Plaintiff,

v.

JOHNSON & JOHNSON; ORTHO-MCNEIL PHARMACEUTICAL, INC.; JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC; and ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.;

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO BIFURCATE**

              Defendants.

---

Mikal C. Watts, **WATTS LAW FIRM, LLP**, 555 North Carancahua, Suite 1400, Corpus Christi, TX 78478; Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; and Lewis J. Saul, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, co-lead counsel for plaintiff Schedin.

John Dames and William V. Essig,, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698; William H. Robinson, Jr., **LECLAIR RYAN**, 1100 Connecticut Avenue N.W., Suite 600, Washington, DC 20036; and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402, liaison and lead counsel for defendants.

The question before the Court is whether Minnesota Statute § 549.20 requires bifurcation of punitive damages claims in a case in which federal jurisdiction is based on diversity, and if so, what is the scope of evidence that should be heard in a separate proceeding. For the reasons set forth below, the Court finds that bifurcation is mandated and the scope includes just the evidence that pertains **solely** to the punitive damages claims.

**I.    CHOICE OF LAW**

The Minnesota statute on punitive damages states:

> In a civil action in which punitive damages are sought, the trier of fact shall, if requested by any of the parties, first determine whether compensatory damages are to be awarded. Evidence of the financial condition of the defendant and other evidence relevant only to punitive damages is not admissible in that proceeding. After a determination has been made, the trier of fact **shall**, in a separate proceeding, determine whether and in what amount punitive damages will be awarded.

Minn. Stat. § 549.20, subd. 4 (emphasis added). Minnesota courts have determined that, once added to the complaint, punitive damages must be decided in a separate proceeding. *Markegard v. Von Ruden*, No. A05-616, 2006 WL 163508, at *4 (Minn. Ct. App. Jan. 24, 2006) ("The plain language of [§ 549.20, subd. 4] mandates a second proceeding . . . ."); *see also Weller v. Time Ins. Co.*, No. 08-416, 2008 WL 2952033, at *4 (D. Minn. July 28, 2008); *Krutchen v. Zayo Bandwidth Ne., LLC*, 591 F. Supp. 2d 1002, 1022 (D. Minn. 2008). The Minnesota Supreme Court has yet to address the question, but this Court was unable to find a reported case where a Minnesota Court had not interpreted the statute as requiring bifurcation. Rule 42 of the Federal Rules of Civil Procedure grants a court the

discretion to bifurcate a proceeding "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b).

Federal courts will apply federal procedural law in diversity cases unless a state law presents a "direct collision" with the federal law. *Hanna v. Plumer*, 380 U.S. 460, 472 (1965). When there exists only a **potential** conflict between a state and a federal law – where the state law and federal law can "peacefully co-exist" – the court must engage in a choice of law analysis that evaluates if the choice of law determination "is substantial enough to raise equal protection problems or influence the choice of forum." *Kuehn v. Shelcore, Inc.*, 686 F. Supp. 233, 234 (D. Minn. 1988)*; see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 ("Since there is no direct conflict between the Federal Rule and the state law, . . . the policies behind *Erie* . . . control the issue [and the relevant inquiry is] whether . . . failure to apply the state . . . law might not create any problem of forum shopping, the result would be an 'inequitable administration' of the law." (footnote omitted) (citations omitted)).

In the case of a direct collision, the court must determine which law prevails. *Id.* Courts outside of Minnesota have held state bifurcation statutes create such a direct conflict with the Federal Rules of Civil Procedure and that the federal rule controls. *See, e.g.*, *Kuehn*, 686 F. Supp. at 234; *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 WL 2788676, at *2 (S.D. Ohio July 14, 2010) (discussing the Ohio punitive damages statute relative to Rule 42). The Minnesota punitive damage statute is statutorily constructed in two separate parts: Section 549.191 describes the pleading standard subject to the substantive standard of Section 549.20. In Minnesota, federal

courts have determined that the pleading standard of the punitive damages statute does **not** conflict with Federal Rules of Civil Procedure. *See, e.g.*,; *see also Gobuty v. Kavanagh*, 795 F. Supp. 281, 286 (D. Minn. 1992) ("Most federal courts have decided that this statute applies in diversity cases."). The *Kuehn* court reasoned that since there only existed a **potential** conflict between the Minnesota punitive damages pleading standard and the federal pleading standard of Rule 8, "[b]oth [could] be given simultaneous effect." *Id.* The pleading standard of the punitive damages statute (§ 549.191) and the substantive section of the statute (§ 549.20) are inextricably linked since a plaintiff can only successfully plead punitive damages under § 549.191 by demonstrating a prima facie case as outlined by § 549.20. Therefore, applications of the two statutes are analogous. The Court finds § 549.20 does not directly conflict with Rule 42 in the same manner that its counterpart did not directly conflict with Rule 8, since both can be "given simultaneous effect." That is to say, a court can bifurcate the punitive damages portion of a trial by the mandate of § 549.20 without conflicting with the discretion endowed in Federal Rule 42.

As a result of a finding of no direct conflict, the next step for the Court is to determine if the federal law would promote forum shopping or offend equal protection principles. As in *Kuehn*, "[w]hen faced with the choice between a forum which applies the [punitive damages statute] and one which does not, a party might well choose the latter because it provides a tactical, though non-dispositive, advantage." *Id.* at 235. Specifically, if presented a choice to file where bifurcation is not mandatory, a plaintiff might chose to file suit in a Minnesota federal court in order to strengthen the case for

compensatory damages with evidence regarding a punitive damages claim — evidence which would be initially excluded in a bifurcated proceeding in state court. "In the court's view, this variation is substantial enough to influence forum choice and, under *Erie*, must be eliminated by applying [the punitive damages statute] in this federal diversity action." *Id.* Thus, for the reasons aptly explained in *Kuehn*, the Court declines to apply the federal law.

Moreover, since this Court has already determined that the punitive damages statute applies in this case (Docket No. 119), it would be discordant to not apply the statute in its entirety given the manner in which the two statutes complement each other. Therefore, the Court holds that Minnesota Statute § 549.20 controls and the punitive damages portion of the case must be determined in a separate proceeding.

In the alternative, if federal procedural law controls, the Court exercises its discretion to bifurcate the punitive damages claims since bifurcation is appropriate to avoid any potential prejudice. *See* Fed. R. Evid. 42(b).

## II.  EVIDENCE

The Court must now determine what evidence is relevant only to plaintiff's punitive damages claims and therefore should be excluded from the initial proceeding. Defendants argue that four categories of evidence should be offered only in the secondary proceeding: 1) evidence of defendants' financial condition including net worth, size and financial condition, 2) evidence regarding sales of Levaquin, market share, and/or profits

derived therefrom, 3) evidence of defendants' purported motive or intent, and 4) evidence of alleged harms or risks to the public from defendants' alleged misconduct.

The statute dictates that "[e]vidence of the financial condition of the defendant and other evidence relevant **only** to punitive damages" must be bifurcated. Minn. Stat. § 549.20, subd. 4 (emphasis added). As a result, evidence that supports other portions of plaintiff's case is not properly excluded from the initial proceeding. Evidence of Levaquin's market share and profits derived therefrom speak to defendants' motive to deter negative regulatory action. Evidence of motive and intent are necessary elements of underlying liability on many of plaintiff's claims. *See, e.g.*, Minn. Stat. § 325F.69 (requiring a showing of intent to prevail on consumer fraud claims). The same is true for evidence of public harm. *Id.* As a result, the Court finds that only the first category of evidence is excludable from the main presentation of evidence, since the other categories of evidence are relevant – albeit tangentially – to Schedin's claim for compensatory damages. The Court will hear any potential relevance objections to particular evidence as appropriate, but categorically speaking, the evidence defendants seek to exclude does not meet the requirements of the bifurcation statute and thus is admissible in the liability proceedings.

The Court does question the advisability of a very short separate proceeding in this case, and will entertain a discussion with counsel at an appropriate time near the end of the trial to determine if a separate proceeding is in the best interests of all parties. Nevertheless, Minnesota law seems clear and, at this point, the Court will order bifurcation in the manner outlined in this Order.

In sum, the Court grants the Motion to Bifurcate, and concludes that evidence of the financial condition of defendants must be presented after the determination of liability while the other evidence referenced in defendants' motion is admissible in the first proceeding.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Bifurcate Proceedings on Punitive Damages [Docket No. 122] is **GRANTED in part, and DENIED in part.** The Motion is granted regarding the bifurcation of the punitive damages claims such that evidence related to the defendants' net worth, size, and financial condition shall be presented after a determination of liability. All other categories of evidence are allowed in the liability phase, to the extent that such evidence is admissible and conforms to preceding orders of this Court.

DATED: November 23, 2010  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge