UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN SCHEDIN, | Civil No. 08-5743 (JRT) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., | |
| Defendant. | |

Mikal C. Watts, **WATTS LAW FIRM, LLP**, 555 North Carancahua, Suite 1400, Corpus Christi, TX 78478; Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402; and Lewis J. Saul, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, lead counsel for plaintiff Schedin.

John Dames and William V. Essig, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606; William H. Robinson, Jr., **LECLAIR RYAN**, 1100 Connecticut Avenue N.W., Suite 600, Washington, DC 20036; and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402, lead counsel for defendant.

Before the Court is plaintiff's request to unseal the Court's order granting plaintiff's motion to amend his complaint to assert a claim for punitive damages, as well as documents that were admitted at the close of trial but not discussed during testimony in open court. Because the Court finds defendant has not met its burden of persuasion to overcome the presumption that such opinions and evidence be open to the public, the Court lifts the protective order on those documents admitted at trial and unseals the

punitive damages order. This ruling does not alter the confidential designation otherwise remaining on documents covered by the protective order.

## BACKGROUND

Plaintiff John Schedin was prescribed Levaquin for an upper respiratory infection in February 2008 and, after eight days of consuming the drug, suffered bilateral Achilles tendon ruptures. (Compl. ¶ 108, Docket No. 1.) At the time Schedin was prescribed Levaquin, the drug contained a warning regarding tendon ruptures; however, Schedin claimed this label alone was inadequate to warn him of the risk he was taking in using Levaquin. He brought various state law claims, including failure to warn and violations of the Minnesota Consumer Fraud Statute. After a trial, a jury found defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("Ortho-McNeil") liable for Schedin's injuries and awarded him damages, including punitive damages.

Prior to trial, on October 6, 2010, this Court granted defendant's motion to protect the confidential designations in the Stipulated Confidentiality Agreement ("SCA") negotiated between the parties. (Docket No. 53.) During trial, many documents covered by the SCA were discussed openly by counsel for both sides, referred to in depositions that were presented in court, and admitted into evidence. Other such documents were admitted into evidence at the close of trial en masse, although defense counsel objected to these documents as lacking foundation. The Court admitted some 115 documents over those objections.

In the interim, this Court issued the punitive damages order (Docket No. 119) that was filed under seal, as it referenced several documents that had been protected by the earlier confidentiality ruling. Plaintiff now moves to allow publication of any documents admitted as evidence at trial, regardless of whether they were discussed in court,[1] and for publication of the punitive damages order.

## DISCUSSION

### I.  LEGAL STANDARD

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. A party seeking to maintain the confidentiality of documents such as those at issue here must overcome a presumption that favors public access. *United States v. McDougal*, 103 F.3d 651, 656 (8th Cir. 1996). Courts are often guided by a six factor test, first articulated in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980), to determine if a party has overcome the presumption in favor of publication. Those factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice

---

[1] The parties concur that documents referenced in open court have lost any confidentiality designation.

to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008); *see also McDougal*, 103 F.3d at 658 (noting a "compelling interest test in the context of determining whether the qualified First Amendment right of public access attached to specific documents which [the court] had found to be judicial records").[2]

## II. EVIDENCE ADMITTED AT TRIAL

The Court recognizes that the documents at issue here have been, up until this point, protected by an order of confidentiality. However, "[the] presumption [of public access] applies with equal force in the face of a protective order, because once an otherwise confidential record is entered into evidence at trial, it becomes part of a presumptively public proceeding." *Rohrbough v. Hall*, No. 4:07CV00996, 2010 WL 1998554, at *1 (E.D. Mo. May 19, 2010). Evaluating the evidence admitted at trial in light of the *Hubbard* factors, the Court finds defendant has not met its burden to retain the confidentiality of documents that were admitted into evidence even though some of those documents were covered by a protective order.

---

[2] While the Eighth Circuit has more cursorily described the right to public records as presumptively attaching absent "compelling reasons [to] justify non-disclosure[,]" *see, e.g.*, *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006), the Court evaluates the issue under the six factor *Hubbard* test since it comports with Eighth Circuit precedent and more clearly articulates what constitutes the "compelling reasons" this Court has considered.

1.  Need for public access

This factor weighs against defendant's request since evidence admitted at trial "go[es] to the heart" of the case. *Exxon Mobile Corp.*, 570 F. Supp. 2d at 52; *see also Rohrbough*, 2010 WL 1998554, at *1.

2.  Prior public access

The Court considers this factor neutral since the particular exhibits at issue were not discussed in open court, in deposition testimony presented in court, but rather were submitted en masse with little to no individual attention paid to the particular documents. Further, the documents at issue were subject to a protective order and therefore were not available to the public at any prior time.  However, courts have found that a prior protective order is not dispositive as to later access to those documents, in large part since a protective order is based largely on the parties' representations of the confidential nature of the documents. *See McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 927 (D.D.C. 2003) ("Under [the] logic [of relying on a protective order to oppose a motion to unseal], each litigant would be free to decide for the Court what information is or is not confidential.  Such a conclusion would defy the principles laid down in *Nixon v. Warner* . . . ."). Furthermore, "previous access has been considered relevant to a determination whether **more** liberal access should be granted to materials formerly properly accessible on a limited basis through legitimate public channels and to a determination whether **further** dissemination of already accessible materials can be

restrained." *Hubbard*, 650 F.2d at 318 (emphasis added) (footnotes omitted). This factor, therefore, is less relevant in a case where **no** previous access has occurred. *Id.*

    3.    Nature of objections and party objecting

"[A] [s]trong objection[] . . . [by a party] is an obvious but important consideration." *Id.* at 319. "[H]owever, . . . litigants to [a] proceeding have a lesser claim to privacy than third parties . . . ." *McConnell*, 251 F. Supp. 2d at 932. Since the documents at issue are the property of the defendant, the Court finds that this factor weighs slightly in defendant's favor.

    4.    Property and privacy interests asserted

When the party opposing disclosure can point to specific private or public interests such as "to protect trade secrets, or the privacy and reputation of victims of crimes, as well as to guard against risks to national security interests, and to minimize the danger of an unfair trial by adverse publicity[,]" this factor weighs towards protection. *In re Nat. Broad. Co., Inc.*, 653 F.2d 609, 613 (D.C. Cir. 1981). Defendant has argued the possibility of adverse publicity. However, since the jury has already rendered a verdict in this case, any adverse publicity for future cases must contend primarily with this verdict and the damages award. As a result, the Court finds this factor only slightly weighs in favor of defendant.

5. The possibility of prejudice to those opposing disclosure

Defendant opposes publication of the documents at issue, citing a general prejudice to ongoing litigation, as above. Noting that cursory arguments are difficult to address, the Court determines that this factor does not heavily weigh in favor of retaining the confidentiality of these documents. *See Upshaw v. United States*, No. 09-00664, 2010 WL 4985878, at *4 (D.D.C. Dec. 9, 2010) (dismissing the factor of prejudice in part since the argument was cursory and not specific to the documents at issue); *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). The Court is aware that defendant faces some potential prejudice moving forward based on the jury verdict against it in this litigation, however, "[t]he Court, quite simply, is neither empowered nor inclined to delete the fact of this litigation from the pages of history." *Upshaw*, 2010 WL 4985878, at *4. As a result, the Court finds this factor is neutral.

6. The purposes for which the documents were introduced during the judicial proceedings

While courts have found this factor weighs against disclosure when documents are simply obtained through discovery, "if the documents sought to be sealed are entered as evidence during a trial, there is a strong presumption against sealing because a trial is a public event and what transpires in the court room is public property." *Friedman*, 672 F. Supp. 2d at 61 (internal quotation marks omitted). Although not discussed during the trial, the documents here were admitted at the trial as evidence. This factor weighs in favor of disclosure.

In sum, the Court finds that two of the *Hubbard* factors are neutral, two weigh in favor of plaintiff, and two only slightly favor defendant. As a result, the Court determines that defendant has not met its burden to overcome the presumption in favor of publication of the evidence submitted at trial.

### III.   PUNITIVE DAMAGES ORDER

The presumption for public access to court documents is "especially strong" as it relates to judicial opinions. *Exxon Mobile Corp.*, 570 F. Supp. 2d at 51 (internal quotation marks omitted). Indeed, "[a] court's . . . orders[] are the quintessential business of the public's institutions." *E.E.O.C. v. Nat. Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). The Supreme Court has noted that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants . . . ." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994) (internal quotation mark omitted). As a result, even in the case of redaction, courts presume disclosure rather than confidentiality. *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995). A review of the punitive damages order reveals that few of the protected documents relied upon in the order retained their confidential status as the trial progressed as they were either introduced at trial or openly discussed in recorded depositions presented at trial. Further, several references in the punitive damages order to other documents protected by the SCA merely acknowledge their existence without revealing their substantive content. Certainly, none of the references rise to the level of trade secrets, personal information of crime victims, or national

- 9 -

security interests. *In re Nat. Broad. Co., Inc.*, 653 F.2d at 613; *see also Pepsico, Inc.*, 46 F.3d at 30. As a result, the Court finds the punitive damages order should be unsealed and available in the public domain without redaction.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Court's Punitive Damages Order [Docket No. 119] be unsealed. Plaintiff's request to make public evidence introduced at trial is **GRANTED.**

DATED:  May 12, 2011             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                      United States District Judge